**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
|     Mohan K. Jaley, | * | Case No. 18-21131-LSS |
|         Debtor. | * | Chapter 13 |
| | * | |
| * * * * * * | * * * * * * | |
| Mohan K. Jaley, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Adv. No. 19-00005 |
| | * | |
| American Express National Bank, | * | |
|     Defendant. | * | |
| | * | |

## MEMORANDUM OPINION

Defendant, American Express National Bank, moves the Court to dismiss all of Plaintiff's causes of action remaining in this adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable herein by Federal Rule of Bankruptcy Procedure 7012.[1] Defendant also moves the Court to sanction Plaintiff pursuant to Federal Rule of Bankruptcy Procedure 9011(c).[2]

---

[1] Defendant's Motion to Dismiss Amended Complaint, Dkt. No. 21.

[2] Defendant's Motion for Sanctions, Dkt. No. 25.

Plaintiff opposes both requests for relief.[3]  For the reasons stated below, the Court will grant Defendant's Motion to Dismiss (the "Motion to Dismiss") and deny its Motion for Sanctions (the "Motion for Sanctions").[4]

## I.  Procedural History.

Plaintiff filed her Chapter 13 Voluntary Petition on August 21, 2018.[5]  The following month, Defendant filed two proofs of claim, Claim No. 4 and Claim No. 5, in Plaintiff's bankruptcy case.[6]  In Claim No. 4, Defendant asserted an unsecured credit card debt totaling $62,400.00. Plaintiff objected to Claim No. 4 on the ground that it was time-barred and unenforceable.[7] Defendant did not file a timely response.  The Court entered an order sustaining Plaintiff's claim objection and disallowing Claim No. 4.[8]

In Claim No. 5, Defendant asserted an unsecured credit card debt totaling $12,072.20.  In response to Claim No. 5, Plaintiff initiated this adversary proceeding on January 3, 2019.[9]  Plaintiff asserted seven causes of action, six of which are class action causes of action.  Count I, an objection to Claim No. 5 as unenforceable and time-barred, is the only individual cause of action. At the time she filed and served her initial complaint, Plaintiff filed and served a Motion for Partial

---

[3] Plaintiff's Opposition to Defendant's Motion to Dismiss, Dkt. No. 26; Plaintiff's Opposition to Defendant's Motion for Sanctions, Dkt. No. 29.

[4] This Court has jurisdiction to hear these matters, pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. These are core proceedings, pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52, made applicable to this contested matter by Rule 7052 of the Federal Rules of Bankruptcy Procedure.  To the extent appropriate, the findings of fact set forth herein shall be deemed conclusions of law and vice versa.

[5] Chapter 13 Voluntary Petition, Bankruptcy Case No. 18-21131, Dkt. No. 1.

[6] Bankruptcy Case No. 18-21131, Claim Nos. 4-1 and 5-1.

[7] Objection to Proof of Claim 4, Bankruptcy Case No. 18-21131, Dkt. No. 45.

[8] Order Sustaining Objection to Proof of Claim 4, Bankruptcy Case No. 18-21131, Dkt. No. 51.

[9] Objection to Proof of Claim and Class Action Complaint, Dkt. No. 1.

Summary Judgment, seeking summary judgment as to Count I only.[10]  Defendant filed a response stating that it did not contest disallowance of Claim No. 5.[11]  Accordingly, the Court entered an Order Granting Summary Judgment as to Court I, which disallowed Claim No. 5.[12]

On February 13, 2019, Plaintiff filed an amended complaint (the "Amended Complaint").[13] The relevant facts alleged in the Amended Complaint are: (1) Defendant extended a credit card to Plaintiff; (2) Plaintiff incurred debt to Defendant on that account (the "Debt"); (3) the Debt has been in default since June 30, 2015; and (4) Defendant filed Claim No. 5 based on the Debt.  In the Amended Complaint, Plaintiff seeks certification of two classes.  Class I being "All current and former debtors in any bankruptcy action pending, at any time, before the U.S. Bankruptcy Court for the District of Maryland in whose proceeding a proof of claim was submitted by [Defendant] on or after October 1, 2016, on a time barred consumer debt."  Class II being a subset of Class I including only debtors in cases "in which any monies were paid out unto and/or received by [Defendant]."  On behalf of those alleged classes, Plaintiff asserts five causes of action.  Plaintiff seeks declaratory judgment that Defendant's practice of filing proofs of claims for time-barred debt is a violation of Maryland law.  Plaintiff seeks an injunction enjoining Defendant from continuing such practice.  Plaintiff asserts two causes of action for monetary damages asserting that such practice violates the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA").  Finally, Plaintiff asserts that Defendant was unjustly enriched through such practice.

Defendant moves the Court to dismiss all of Plaintiff's remaining causes of action set forth

---

[10] Motion for Partial Summary Judgment, Dkt. No. 3.

[11] Defendant's Response to Debtor/Plaintiff's Partial Motion for Summary Judgment, Dkt. No. 9.

[12] Order Granting Summary Judgment as to Court I, Dkt. No. 11.

[13] First Amended Objection to Proof of Claim and Class Action Complaint, Dkt. No. 19.

in the Amended Complaint for failure to state a claim on which relief can be granted. Defendant argues that binding precedent upholds a creditor's right to file a proof of claim on stale debt. Defendant asserts that expiration of the limitations period terminates the remedy for nonpayment of a debt but does not extinguish the right to payment thereon. Plaintiff responds that, as of October 1, 2016, Maryland law provides for the termination of the right and remedy upon expiration of the applicable limitations period. Defendant also moves the Court to impose sanctions on Plaintiff, arguing that Plaintiff's class action causes of action are frivolous and harassing.

## II.   Discussion.

The instant motions present two distinct, yet related, issues to the Court. First, with respect to the Motion to Dismiss, the Court must determine whether Md. Cts. & Jud. Proc. Code Ann. § 5-1201 *et seq*. effectively extinguishes the right to payment on a debt following the expiration of the applicable statute of limitations. If not, the Court must determine, with respect to the Motion for Sanctions, whether Plaintiff's argument in the affirmative is nonfrivolous.

### A.   *Motion to Dismiss.*

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss a claim or defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be granted if the allegations of the complaint, construed in the light most favorable to the plaintiff, fail as a matter of law to state a claim for which relief can be granted." *FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 459 (D. Md. 2004) (*citing Carter v. Burch*, 34 F.3d 257, 261 (4th Cir. 1994)). The Court must accept as true all well-pleaded material

allegations of the complaint and must liberally construe it as a whole. *Id.* (*citing Edwards v. Johnson County Health Dep't*, 885 F.2d 1215, 1217 n. 4 (4th Cir. 1989); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not require probability but does require something "more than a sheer possibility that the defendant acted unlawfully." *Id.*

Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues." Md. Cts. & Jud. Proc. Code Ann. § 5-101. This three-year limitations period applies to credit card (i.e., contractual) debt. *See Mumford v. Staton, Whaley and Price*, 255 A.2d 359, 361 (Md. 1969) ("In Maryland the period for . . . actions . . . on contract is three years"). "In breach of contract cases, a cause of action typically accrues at the time of the breach." *Shailendra Kumar, P.A. v. Dhanda*, 43 A.3d 1029, 1035 (Md. 2012) (*citing Jones v. Hyatt Insurance Agency, Inc.*, 741 A.2d 1099, 1104 (Md. 1999). Here, Plaintiff alleges that she defaulted on the Debt no later than June 30, 2015. Thus, the Court presumes that Defendant's Claim No. 5 against her accrued on that date. The limitations period on claims for nonpayment of the Debt expired June 30, 2018. As such, as of the petition date, the Debt was unenforceable against Plaintiff and subject to disallowance under 11 U.S.C. § 502(b)(1).

In *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017), the Supreme Court addressed a circuit split over whether the filing of proof of claim on a time-barred debt violated the Fair Debt Collection Practices Act (the "FDCPA"). *See generally In re Dubois,* 834 F.3d 522, 533 (4th Cir. 2016) (applying Maryland's statute of limitations and finding FDCPA inapplicable). In essence, the FDCPA bars false, deceptive, misleading, unconscionable or unfair practices in connection with debt collection. *See* 15 U.S.C. §§ 1692e and 1692f. The Supreme Court concluded that "filing of a proof of claim that on its face indicates that the limitations period has run does not fall within the scope of any of the five relevant words of the [FDCPA]." *Midland Funding*, 137 S. Ct. at 1411. The Supreme Court reasoned that "[a] 'claim' is a 'right to payment,'" and that "[s]tate law usually determines whether a person has such a right." *Id.* (*quoting* 11 U.S.C. § 101(5)(A)) (*citing Travelers Cas. and Sur. Co. of Am. v. P. Gas and Elec. Co.,* 549 U.S. 443, 451 (2007)). The Supreme Court then held that "Alabama's law, like the law of many States, provides that a creditor has the right to payment of a debt even after the limitations period has expired." *Id.* In support of this conclusion, the Supreme Court cited a decision from the Maryland Court of Appeals, *Potterton v. Ryland Group, Inc.*, 424 A.2d 761, 764 (Md. 1981).

In *Potterton*, a home buyer brought an action against the builder for breach of warranty. The builder argued that the applicable statute of limitations had expired. However, the court held that two letters sent by the builder to the buyers, wherein the builder promised to correct defects, extended the limitations period. The Court held that, "[i]n Maryland, either an express unconditional promise to pay a subsisting debt, a conditional promise to pay such a debt if there is evidence to show that the condition has been performed, or an acknowledgment of such a debt from which a promise to pay may be implied, removes the bar created by the statute of limitations and revives the debt." *Potterton*, 424 A.2d at 763 (*citing Nardo v. Favazza*, 110 A.2d 676, 679 (Md.

6

1955)).  In explaining the rationale behind such rule, the court reviewed early case law addressing the effect of the expiration of a limitations period, including the following passage:

> The Act of Limitations does not operate to extinguish the debt, but to bar the remedy. The Act of Limitations is predicated on the principle, that from length of time a presumption is created that the debt has been paid, and that the debtor is deprived of his proof by the death of his witnesses or the loss of receipts. It is the design of the Act of Limitations to protect and shield debtors in such a situation; and consistent with this principle and this view, the decisions have been made, that the acknowledgment or admission of the debtor will take the case out of the Act of Limitations, because if the money is still due and owing, the defendant has not suffered from lapse of time, nor has any inconvenience resulted to him therefrom.

*Id*. at 764 (*quoting Barney v. Smith*, 4 H. & J. 485, 495 (1809)).

As counter-examples, the Supreme Court in *Midland Funding*, cited statutes enacted in Mississippi and Wisconsin that overturn the common law rule.   In Mississippi, the relevant statute provides that "the completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."  Miss. Code. Ann. § 15-1-3(1).  Likewise, the relevant Wisconsin statute provides that, "[w]hen the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy."  Wis. Stat. Ann. § 893.05.

This Court had occasion to consider the intersection of the common law rule applied in *Midland Funding* with the MCDCA and MCPA in *In re Chorba*, 582 B.R. 380 (Bankr. D. Md. 2018).   In *Chorba*, the plaintiff/debtor asserted MCDCA and MCPA claims against the defendants/creditors based on the defendants' filing a proof of claim on a debt that was unenforceable under Maryland law.   Judge Harner held the following:

> In this adversary, to the extent that the Defendants possess a right to payment and thus have a right under the Code to file the Proofs of Claim, that conduct cannot form the basis of liability under state law. A state law that penalizes a party for exercising a right under the Code, or otherwise makes it impossible for that party to exercise such right and comply with applicable state law, is squarely within conflict preemption. As such, the Court finds that the Plaintiff's [MCDCA and MCPA

7

claims] are preempted by the Code.

*Id.* at 390-91 (internal citations omitted).

In summary, the common law rule applicable in Maryland is that the expiration of the limitations period terminates the creditor's remedy, but not the right to payment. *See Potterton*, 424 A.2d at 763-64. As in Mississippi and Wisconsin, state law may provide that the expiration of the limitations period also extinguishes the right to payment. *See e.g.,* Miss. Code. Ann. § 15-1-3(1); Wis. Stat. Ann. § 893.05. However, where state law provides that the right to payment remains, federal law preempts any state law that imposes liability on a creditor filing a proof of claim on a time-barred debt in a bankruptcy case. *Chorba*, 582 B.R. at 390-91.

In the Amended Complaint, Plaintiff asserts claims for violation of the MCDCA and the MCPA. Plaintiff's claims for declaratory judgment, injunctive relief, and unjust enrichment presume a violation of either the MCDCA, MCPA, or Maryland common law of similar effect. The MCDCA provides, in relevant part, that, "[i]n collecting or attempting to collect an alleged debt a collector may not, . . . [c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Com. Law Code Ann. § 14-202(8). The MCPA prohibits the use of "unfair, abusive, or deceptive trade practices . . . in . . . [t]he collection of consumer debts." Md. Com. Law Code Ann. § 13-303(5). "Unfair, abusive, or deceptive trade practices" is defined to include violations of the MCDCA. Md. Com. Law Code Ann. § 13-301(14)(iii). Plaintiff asserts that new statutory provisions effective October 1, 2016 effectively extinguish the right to payment upon expiration of the limitations period. Accordingly, Plaintiff argues that Defendant's filing of Claim No. 5 violated the MCDCA and MCPA.

On October 1, 2016, the Maryland legislature enacted new statutory provisions governing consumer debt collection actions. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-1201 *et seq*. Those

statutes provide that "[a] creditor or a collector may not initiate a consumer debt collection action after the expiration of the statute of limitations applicable to the consumer debt collection action." Md. Cts. & Jud. Proc. Code Ann. § 5-1202(a). The statute further provides that, "on the expiration of the statute of limitations applicable to the consumer debt collection action, any subsequent payment toward, written or oral affirmation of, or any other activity on the debt may not revive or extend the limitations period." Md. Cts. & Jud. Proc. Code Ann. § 5-1202(b)(1) (effective through October 1, 2018). As used therein, "'[c]onsumer debt collection action' means any judicial action or arbitration proceeding in which a claim is asserted to collect a consumer debt." Md. Cts. & Jud. Proc. Code Ann. § 5-1201(f)(1). Whereas, "consumer debt" is a debt arising from a "consumer transaction," which is "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." Md. Cts. & Jud. Proc. Code Ann. § 5-1201(e) and (g).

Plaintiff asserts that Md. Cts. & Jud. Proc. Code Ann. § 5-1201 *et seq*. abrogates the common law rule upheld in *Midland Funding* and *Potterton*. A well-settled principle of statutory interpretation is that the legislature must clearly indicate its intent to abrogate the common law. *See State v. Shields,* 49 Md. 301, 303 (1878); *WSC/2005 LLC v. Trio Ventures Associates*, 190 A.3d 255, 263 (Md. 2018). "[T]he statutory language must indicate an express abrogation or an abrogation by implication by adoption of a statutory scheme that is so clearly contrary to the common law right that the two cannot occupy the same space." *WSC/2005 LLC*, 190 A.3d at 263 (*quoting Nickens v. Mt. Vernon Realty Grp.*, 54 A.3d 742 (Md. 2012)). In reviewing Md. Cts. & Jud. Proc. Code Ann. § 5-1201 *et seq*., the Court does not see evidence of intent to abrogate the common law rule that the right to payment survives the expiration of the limitations period. By comparison, the statutory provisions in Mississippi and Wisconsin could not be clearer of those

legislatures' intent to abrogate that common law rule. Conversely, Md. Cts. & Jud. Proc. Code Ann. § 5-1202(b)(1), in providing that "payment toward, written or oral affirmation of, or any other activity on the debt" does not revive or extend the limitations period clearly abrogates a different common law rule that such activity would revive the limitations period. However, the language of that provision reaffirms the continuing existence of the right to payment beyond the limitations period. Specifically, the provision provides that payment or promise thereof does not revive the "limitations period," as opposed to the debt or right to payment. Such language makes sense because the right to payment remains alive and in no need of revival under the common law rule. Further, the legislature refers to the right to payment following the expiration of the limitations period without equivocation or clarification, as "the debt," which suggests its continued existence.

Based on the foregoing, the Court finds and concludes that Defendant holds an unenforceable right to payment on the Debt even after the expiration of the three-year limitations period. As such, the Court further finds and concludes that Defendant was within its rights under bankruptcy law to file Claim No. 5. Accordingly, to the extent Defendant ran afoul of the MCDCA, MCPA, or other Maryland law in doing so, which the Court concludes is not at all, federal bankruptcy law preempts the MCDCA, MCPA, and other Maryland law.

### B.  *Motion for Sanctions.*

Defendant moves the Court to impose sanctions against Plaintiff in the form of a monetary award equal to Defendant's reasonable attorney fees incurred in this adversary proceeding.[14] Federal Rule of Bankruptcy Procedure 9011(b) provides that, by presenting a matter to the court, an attorney certifies that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Bankr. P.

---

[14] Defendant's Motion for Sanctions, Dkt. No. 25.

9011(b)(1). A presenting attorney further certifies that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. P. 9011(b)(2). Rule 9011(c) further provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Bankr. P. 9011(c). Monetary sanctions awarded under Rule 9011(c) must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," which may include an award of reasonable attorney's fees. Fed. R. Bankr. P. 9011(c)(2). In *In re Kersner*, 412 B.R. 733 (Bankr. D. Md. 2009), Judge Catliota summarized the meaning of "nonfrivolous argument" in this context as follows:

> "An assertion of law violates Rule 11(b)(2) when, applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998). "The legal argument must have absolutely no chance of success under the existing precedent to contravene the rule." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). "The proper analysis for frivolousness under Rule 9011 is whether an attorney conducted an adequate inquiry into the facts and the law before he filed the claim." *In re Community Management Corp. of Maryland*, 288 B.R. 104, 111 (D. Md. 2002) (citation omitted; emphasis added).

*Kersner*, 412 B.R. at 743.

Plaintiff's counsel must have known that Plaintiff was unlikely to prevail on her class action causes of action. Recent precedent from the Supreme Court, Fourth Circuit, and this Court reject similar arguments. *See Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017); *In re Dubois,* 834 F.3d 522, 533, (4th Cir. 2016); *In re Chorba*, 582 B.R. 380, 390-91 (Bankr. D. Md. 2018). Nonetheless, the Court is not aware of any court addressing the effect of Md. Cts. & Jud.

11

Proc. Code Ann. § 5-1201 *et seq.* on the common law rule that expiration of the limitations period extinguishes the remedy for nonpayment, but not the right to payment. *See e.g., Potterton v. Ryland Group, Inc.*, 424 A.2d 761, 764 (Md. 1981) (applying the common law rule). Indeed, Md. Cts. & Jud. Proc. Code Ann. § 5-1202(b) abrogates a related common law rule that partially paying or promising to pay a time-barred debt revives the limitations period. Further, both the Maryland Court of Appeals, in *Potterton*, and the Fourth Circuit, in *Dubois*, referred to this possible resurrection of the limitations period as indicative of the right to payment's continuing existence. Accordingly, Plaintiff's argument that Md. Cts. & Jud. Proc. Code Ann. § 5-1201 *et seq.* abrogated the common law rule, while unlikely to succeed, is nonfrivolous. For this reason, Plaintiff's counsel has not violated Federal Rule of Civil Procedure 9011(b) and sanctions are inappropriate.

### III. Conclusion.

Based on the foregoing, the Court finds and concludes that it should grant the Motion to Dismiss and deny the Motion for Sanctions. The Court will enter an order consistent with this Memorandum Opinion.

cc: All parties

**End of Order**